IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Taku Shibata<br><br>              Plaintiff,<br>   v.<br><br>The Partnerships and Unincorporated Associations Identified on Schedule A,<br><br>              Defendants | Case No. 24-cv-00351 |

MEMORADUM OF LAW IN SUPPORT OF DEFENDANTS ARTOIDE
MODE'S AND HORALDAILY'S MOTION TO DISMISS UNDER
RULE 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(7)

Defendants Artoid Mode and Horaldaily (hereinafter "Artoid Mode" and "Horaldaily" respectively or "Defendants" collectively) through their attorney, submit this Memorandum of Law in support of its Motion to Dismiss under Rule 12(b)(2), (4), (5) and (7).

## I.    STATEMENT OF FACTS

Both Artoid Mode and Horaldaily are China based businesses with no physical presence in the State of Illinois. The Defendants did not directly or actively target consumers in the State of Illinois. They only maintain their merchandise on Amazon webpage for sale to customers in all fifty States. However, Defendants did plan to set up a customer return center in the State of New Jersey. For the purpose of the present case, Defendants agree that they would be subject to the personal jurisdiction in the State of New Jersey.

Defendants also do not waive their right to be served the Summon and Complaint under the Hague Service Convention.

II.     APPLICABLE LAWS

The United States Supreme Court has held that "compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). Article 10 of the Hague Convention states that "*[p]rovided the State of destination does not object,* the present Convention shall not interfere with ... the freedom to send judicial documents, by postal channels, directly to persons abroad." Hague Convention art. 10(a), November 15, 1965 (emphasis supplied). However, the People's Republic of China has objected to the methods of service set out in Article 10 of the Hague Convention, i.e. through the Chinese Central Authority.

III.    ARGUMENT

    1.      **This Case Must be Dismissed for Lack of Personal Jurisdiction**

Plaintiff has failed to show that Defendants had "minimum contact" with the State of Illinois for this Court to assert personal jurisdiction over these two defendants. Both defendants are based in China and neither has any physical presence in the State of Illinois. BY maintaining a website on Amazon, Defendants accept online customer orders through Amazon. Additionally, Defendants cannot be said to have targeted consumers in the State of Illinois by maintaining a website on Amazon.

Therefore, Plaintiffs' complaint must be dismissed under Rule 12(b)(2) because Plaintiff failed to satisfy the "minimum contact" requirement for personal jurisdiction over the Defendants.

    2.      **This Complaint Must be Dismissed for Insufficient Process and Insufficient Service of Process**

Plaintiff also failed to provide sufficient process and failed to provide sufficient service of process on the Defendants under the Hague Convention and through the Chinese Central

Authority as required by the U.S. Supreme Court that "compliance with the [Hague] Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 705, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988)*.  Plaintiff simply ignored Supreme Court requirements to follow the Hague Service Convention by not even trying to follow the Hague Service Convention in this case

Therefore, the Complaint must be dismissed in its entirety under Rule 12(b)(4) and/or Rule 12(b)(5) for insufficient process and/or insufficient service of process.  Defendants note that with a dismissal, the Plaintiff is not without a remedy as Defendants agreed, for the purpose of this case, to be subject to personal jurisdiction in the Federal District Court for the District of New Jersey.

### 3. This Complaint Must be Dismissed for Failure to Join a Party under Rule 19

Plaintiff also failed to join Amazon as a party under Rule 19.

Defendants noted that Amazon kept 60-70% of the sales proceeds and is an indispensable party to this action.  Plaintiff failed to join Amazon as a party and its complaint is further subject to dismissal under Rule 12(b)(7).

### IV. CONCLUSION

For the foregoing reasons, the Complaint must be dismissed under Rule 12(b)(2), Rule 12(b)(4), Rule 12(b)(5) and/or Rule 12(b)(7).

/s/lance liu
BY: Lance Liu, Esq.
Attorney for Yingxiang Fu
15 Minuteman Circle
Southbury, CT 06488
Bar No. 3002946
Email: lanceliu2000@gmail.com
Phone: (203)706-9536

Dated: 02/02/2024

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2024, a copy of the foregoing document was sent electronically to all counsels of records.

> Adam Grodman, et al.
> agrodman@jiangip.com;
> cmcintyre@jiangip.com;
> cromero@jiangip.com;
> mmartin@jiangip.com;
> yanling@jiangip.com;
> ybu@jiangip.com; and
> keith@vogtip.com.

Dated: 02/02/2024

/s/lance liu
BY: Lance Liu, Esq.
Attorney for Yingxiang Fu
15 Minuteman Circle
Southbury, CT 06488
Bar No. 3002946
Email: lanceliu2000@gmail.com
Phone: (203)706-9536